SMALLWOOD BROTHERS, Plaintiff and Appellee, *v.* RAFAEL H. BENÍTEZ, Defendant and Appellant.

No. 6640. Argued April 2, 1934.—Decided April 6, 1934.

M. *Benítez Flores* for appellant. A. *Sánchez Vahamonde* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

The plaintiff-appellee has requested the dismissal of the appeal taken in this case on the ground that the said appeal is frivolous and only tends to delay the proceedings. The appellant urges in opposition that questions which affect the merits of an appeal cannot be decided on a simple motion to dismiss, because that would be contrary to the spirit of the law with respect to appeals and to the right of the appellants.

The practice established in this court is that where the frivolousness of an appeal is evident, it may properly be dismissed.

On October 24, 1932, Smallwood Brothers sold to Rafael H. Benítez, under contract of conditional sale, a Ford coupé, for the agreed price of $1,110.14, on the following terms: The defendant paid to the plaintiff the sum of $100 in cash and delivered a Ford Tudor that the plaintiff accepted in partial payment for the sum of $250, and the defendant bound himself to pay the balance amounting to $750.14 in eighteen

equal monthly payments of $42.23 each, the first payment to be made on November 30, 1932, and the other installments on the same day of each one of the following 18 months, and it was agreed that upon default in the payment of any one of the monthly installments the balance would become due and payable.

In the contract it was also agreed that: "(1) Any extension or transfer of this contract or of said promissory note will not affect in any way the conditions of this contract; (2) The purchaser recognizes and admits that this contract constitutes the entire agreement between the contracting parties, and that no other verbal or written contract exists between the parties, in relation to the article sold; (3) The failure of the seller or of its successors to make use of any of the rights granted to it or to them by this contract will not constitute, nor may it be interpreted, as a waiver on the part of the seller or its successors of any of the rights that it or they may have by virtue of this contract."

The plaintiff alleges under oath that the defendant has failed to pay a balance of $26.92 of the installment due on May 30, 1933, and the installments which fell due on June 30 and July 30, 1933, for the sum of $42.23 each, for which reason the remaining installments totalling $491.45 have now become due; and it further alleges that the failure to pay these sums constitutes a breach of the contract.

The defendant in his answer admits the execution of the contract, but alleges that it was modified, altered, and novated with the express consent of the plaintiff, for which reason he is not bound to pay the installments specified in the said contract. He also alleges, that, through his attorney and representative, he appeared at the main office of the plaintiff to make a payment of $80 on account, and that said plaintiff refused to accept it, without any cause or reason therefor.

The lower court stated in the judgment appealed from that the conditions of the contract had not been fulfilled by the

defendant, and ordered the seizure and delivery to the plaintiff of the automobile conditionally sold, in accordance with the provisions of the Conditional Sales Act, No. 61, of April 1916 (Session Laws, p. 123), without any special imposition of costs.

There was presented in evidence the contract of conditional sale and also the testimony of Juan G. García, sales and collections manager for the plaintiff. The defendant offered no evidence.

García testified that the first installment of $42.23, which became due on November 30, 1932, was paid on December 1, 1932; that the second installment becoming due on December 30, 1932, was paid on January 31, 1933; that the third installment, due on January 30, 1933, was paid on March 2, 1933; that of the fourth, which fell due in February 1933, $42 was paid on April 10, 1933; that on May 25, 1933, the sum of $100 was paid and a receipt was issued, said sum being credited to the months of March and April, and $25 to the May installment, which became due on the 30th of the same month.

To the questions put by Attorney Benítez Flores the plaintiff answered that said attorney was in his office for the purpose of tendering the sum of $80, but as that was not the amount due, he refused to accept it; that the sum due amounted to $111.38 and that the refusal was made because the case was already in court. The offer of payment of a part of the sum due was indeed made after this action had been brought. No evidence whatever was offered to show that the contract had been modified, altered, or novated as alleged by the defendant.

We are of the opinion that the appeal taken is frivolous and that it must be dismissed.